# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-1149V
(Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
ILYA BEN,                          *
                                   *        Special Master Oler
                    Petitioner,    *        Filed: April 12, 2019
        v.                         *
                                   *        Petitioner's Motion for a Decision;
SECRETARY OF HEALTH                *        Dismissal of Petition; Vaccine
AND HUMAN SERVICES,                *        Act; Denial Without Hearing.
                                   *
                    Respondent.    *
                                   *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Martin Jeffrey Rubenstein*, Martin Rubenstein, Staten Island, NY, for Petitioner.

*Lisa Ann Watts*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

### DECISION DISMISSING CASE FOR INSUFFICIENT PROOF[1]

On August 24, 2017, Ilya Ben ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging that he developed polymyalgia rheumatica ("PMR") as a result of the Fluzone influenza ("flu") vaccination that he received on

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

October 20, 2014.[3]  Petition ("Pet.") at 1, ECF No. 1.  In his petition, Petitioner claimed the onset of his symptoms as November 29, 2014. Pet. at 3.

Petitioner filed numerous medical records on August 29, 2017. ECF No. 6.  He filed his statement of completion on October 25, 2017. ECF No. 8.  On March 29, 2018, Respondent requested that Petitioner file the outstanding records highlighted in his status report. ECF No. 11.  Petitioner filed the requested records, and, on July 16, 2018, Petitioner represented that all additional records had been filed. ECF Nos. 13, 16, 17, 19, 22, 23.

On September 12, 2018, Respondent filed a Rule 4(c) Report. ECF No. 24.  Respondent stated that Petitioner had not satisfied his burden of proof, specifically noting that Petitioner had not provided medical records or a medical expert report confirming his diagnosis of PMR. *Id*. at 6.  Respondent further argued that Petitioner had not established that his alleged PMR did not predate the vaccination, since Petitioner experienced several symptoms prior to his October 20, 2014 vaccination. *Id*.  Respondent concluded that "[P]etitioner has failed to provide preponderant evidence in support of the petition for compensation and his claim should be dismissed. *Id*. at 7.  Finally, Respondent filed literature pertaining to PMR alongside his Rule 4(c) Report. Ex. A, ECF No. 24.

On October 17, 2018, Petitioner requested an opportunity to submit an expert report in support of his petition. ECF No. 25.  After a single extension of time, Petitioner submitted a status report on February 21, 2019, representing that he no longer intends to file an expert report. ECF No. 27.  On March 25, 2019, Petitioner represented that he intends to request a dismissal decision. ECF No. 28.

On March 25, 2019, Petitioner filed a Stipulation of Dismissal without prejudice. ECF No. 29.  My chambers contacted the parties by email on March 26, 2019, to confirm that Petitioner intends for judgment to not be entered in this case.  In a follow-up telephone conversation with Petitioner's counsel on March 29, 2019, counsel informed my chambers that Petitioner prefers that an involuntary dismissal decision be issued, thereby entering judgment against Petitioner.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or (2) that he suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on his claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert.  Section 13(a)(1).  In this case, however, there is insufficient evidence in the record for Petitioner

---

[3] This case was initially assigned to Special Master Roth (ECF No. 4), before being reassigned to my docket on June 8, 2018 (ECF No. 20).

to meet his burden of proof.  Petitioner's claim, therefore, cannot succeed and in accordance with his motion, must be dismissed. Section 11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof.  The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

<u>**/s/ Katherine E. Oler**</u>
Katherine E. Oler
Special Master